## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| RODNEY WAYNE SMITH, | |
|     Plaintiff, | |
| -vs- | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, BANK OF AMERICA, N.A., PENTAGON FEDERAL CREDIT UNION, and TRUIST BANK f/k/a SUNTRUST BANK, | CASE NO. |
|     Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, RODNEY WAYNE SMITH (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), BANK OF AMERICA, N.A. (hereinafter "BOA"), PENTAGON FEDERAL CREDIT UNION (hereinafter "PenFed"), and TRUIST BANK f/k/a SUNTRUST BANK (hereinafter "SunTrust") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

1.    Venue is proper in this District as Plaintiff is a natural person and resident of Fayette County, Georgia; Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

2.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3.    Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

4.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

5.      Equifax disburses such consumer reports to third parties under contract for monetary compensation.

6.      Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

7.      Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.      Experian disburses such consumer reports to third parties under contract for monetary compensation.

9.      Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

10.      Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

9.     BOA is a corporation with its principal place of business in the State of North Carolina and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

10.    BOA is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

11.    BOA furnished information about Plaintiff to the CRAs that was inaccurate.

12.    PenFed is a federally insured national credit union headquartered at 2930 Eisenhower Avenue in Alexandria, Virginia 22314 that upon information and belief, conducts business in the State of Georgia.

13.    PenFed is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

14.    PenFed furnished information about Plaintiff to the CRAs that was inaccurate.

15.    SunTrust is a corporation with its principal place of business in the State of North Carolina and is authorized to do business in the State of Georgia through

its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

16.     SunTrust is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

17.     SunTrust furnished information about Plaintiff to the CRAs that was inaccurate.

### **FACTUAL ALLEGATIONS**

18.     Plaintiff has been a victim of identity theft for several years.

19.     Plaintiff is alleged to owe a debt to BOA, partial account number 6301005132****, as to an auto loan (hereinafter "BOA Account"). Plaintiff does not have an account with BOA and never applied or gave permission to anyone to apply using his information for the BOA Account.

20.     Plaintiff is alleged to owe a debt to PenFed, partial account number 407154004326***, as to a credit card (hereinafter "PenFed Account"). Plaintiff does not have an account with PenFed and never applied or gave permission to anyone to apply using his information for the PenFed Account.

21.     Plaintiff is alleged to owe a debt to SunTrust, partial account number 124000****, as to an auto loan (hereinafter "SunTrust Account"). Plaintiff does not have an account with SunTrust and never applied or gave permission to anyone to apply using his information for the SunTrust Account.

22.    In or about 2011, Plaintiff's vehicle was stolen within which were identifying documents.

23.    Immediately, Plaintiff filed a police report regarding the stolen vehicle and documents with the Selma Police Department in Alabama, report number 2011-00038064.

24.    In or about 2020, Plaintiff first became aware of fraudulent and erroneous accounts appearing in his credit file, including but not limited to, the BOA Account and PenFed Account.

25.    Shortly thereafter, Plaintiff contacted BOA and PenFed to dispute the erroneous accounts.

26.    On or about December 4, 2020, Plaintiff filed a police report with the Fayetteville Police Department, report number F20-44566, regarding the identity theft and fraudulent reporting.

27.    In or about May 2023, Plaintiff reviewed his Experian credit report and observed the SunTrust Account.

28.    Shortly thereafter, Plaintiff contacted Experian to dispute the erroneous SunTrust Account and advised the account did not belong to him.

29.    Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed the SunTrust

Account continued to be reported with a comment which stated, "this item was updated from our processing of your dispute in May 2023".

30.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

31.    Experian never attempted to contact Plaintiff during the alleged investigation.

32.    Upon information and belief, Experian notified SunTrust of Plaintiff's dispute. However, SunTrust failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

33.    In or about August 2023, Plaintiff review his updated credit reports and observed the BOA Account, PenFed Account, and SunTrust Account continued to appear.

34.    On or about August 1, 2023, Plaintiff filed another police report with the Fayetteville Police Department, report number F23-28323, regarding the identity theft and fraudulent reporting.

35.    Shortly thereafter, Plaintiff contacted Equifax and Trans Union to dispute the erroneous and fraudulent BOA Account, PenFed Account, and two (2) fraudulent accounts from Department of Education/NELNET (hereinafter "NELNET Accounts").

36.     Plaintiff did not receive dispute results from Equifax. However, upon review of an updated credit report, Plaintiff observed the BOA Account, PenFed Account, and NELNET Accounts continued to be reported, each with a comment which indicated the accounts were previously in dispute and verified as accurate.

37.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

38.     Equifax never attempted to contact Plaintiff during the alleged investigation.

39.     Upon information and belief, Equifax notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

40.     Upon information and belief, Equifax notified PenFed of Plaintiff's dispute. However, PenFed failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

41.     Plaintiff did not receive dispute results from Trans Union. However, upon review of an updated credit report, Plaintiff observed the BOA Account continued to be reported with a comment which indicated the BOA Account was previously in dispute and verified as accurate.

42.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

43.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

44.    Upon information and belief, Trans Union notified BOA of Plaintiff's dispute. However, BOA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

45.    On or about January 26, 2024, Plaintiff obtained a copy of his Equifax credit report and observed the BOA Account continued to be reported with a status of closed/collections and with a balance of $2,869. Further, the PenFed Account was still reported with a status of closed. Lastly, the NELNET Accounts continued to appear on his credit report, both with a status of open, and one with a balance of $3,652 and the other with a balance of $1,858.

46.    On or about January 26, 2024, Plaintiff obtained a copy of his Trans Union credit report and observed the BOA Account continued to be reported with a status of closed/collections and with a balance of $2,869. Further, the PenFed Account was still reported with a status of collection/charge off. Lastly, the SunTrust Account continued to be reported with a status of closed.

47.     On or about February 1, 2024, Plaintiff mailed detailed written dispute letter to the CRAs regarding the continued inaccurate reporting. In the letter, Plaintiff explained he was a victim of identity theft and that the aforementioned accounts did not belong to him. To confirm his identity, copies of his driver's license and Social Security card were included. Further, Plaintiff provided images of the erroneous reporting and images of the police report filed with Fayetteville Police Department.

48.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0938 6500 22), Experian (9589 0710 5270 0938 6500 15), and Trans Union (9589 0710 5270 0938 6615 54).

49.     On or about March 7, 2024, Plaintiff received dispute results from Equifax which stated the PenFed Account was verified as accurate. Plaintiff did not receive dispute results as to the other fraudulent accounts. However, upon review of his updated credit report, Plaintiff observed the NELNET Accounts continued to be reported. To his relief, the BOA Account was not appearing in his credit file.

50.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

51.     Equifax never attempted to contact Plaintiff during the alleged investigation.

52.     Upon information and belief, Equifax notified PenFed of Plaintiff's dispute. However, PenFed failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

53.    On or about March 13, 2024, Plaintiff received dispute results from Experian which stated the PenFed Account and SunTrust Account were verified as accurate.

54.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

55.    Experian never attempted to contact Plaintiff during the alleged investigation.

56.    Upon information and belief, Experian notified PenFed of Plaintiff's dispute. However, PenFed failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

57.    Upon information and belief, Experian notified SunTrust of Plaintiff's dispute. However, SunTrust failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

58.    On or about March 19, 2024, Plaintiff received dispute results from Trans Union which stated the PenFed Account was verified as accurate. To Plaintiff's relief, the Bank of America Account was deleted. Trans Union did not

provide dispute results as to the SunTrust Account. However, upon review of his updated credit report, Plaintiff observed the SunTrust Account continued to appear in his credit file.

59.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

60.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

61.    Upon information and belief, Trans Union notified PenFed of Plaintiff's dispute. However, PenFed failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

62.    Upon information and belief, Trans Union notified SunTrust of Plaintiff's dispute. However, SunTrust failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

63.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continued to inaccurately report the erroneous and fraudulent accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

64.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

65.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

66.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

    iv.    Apprehensiveness to apply for new credit due to the fear of rejection.

## **CAUSES OF ACTION**

### **COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

67.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

68.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

69.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

70.    Equifax violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Fayetteville Police Department, which contained sworn testimony of the fraud.

71.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

72.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

73.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

74.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

75.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

76.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

77.    Equifax violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Fayetteville Police Department, which contained sworn testimony of the fraud.

78.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

80.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

82.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

83.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

84.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

85.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

86.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

87.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

88.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

89.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

90.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

91.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

92.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Experian Information Solutions, Inc. (Negligent)

93.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

94.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

95.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

96.    Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Fayetteville Police Department, which contained sworn testimony of the fraud.

97.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

98.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

99.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## **COUNT VI**
### **Violation of 15 U.S.C. § 1681e(b) as to**
### **Defendant, Experian Information Solutions, Inc. (Willful)**

100.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

101.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

102.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

103.   Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Fayetteville Police Department, which contained sworn testimony of the fraud.

104.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

105.   The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

106.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

107.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

108.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

109.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

110.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

112.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

113.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

114.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify

disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

115.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

116.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

117.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

118.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

119.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

120.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

121.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

122.   Trans Union violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Fayetteville Police Department, which contained sworn testimony of the fraud.

123.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

124.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

125.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

126.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

127.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

128.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

129.   Trans Union violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Fayetteville Police Department, which contained sworn testimony of the fraud.

130.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

131.   The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

132.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

133.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

134.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

135.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

136.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

137.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

138.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

139.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

140.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify

disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

141.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

142.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

143.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

144.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT XIII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Bank of America, N.A. (Negligent)**

145.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

146.   BOA furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

147.   After receiving Plaintiff's disputes, BOA violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

148.   Plaintiff provided all the relevant information and documents necessary for BOA to have identified that the alleged debt was fraudulent.

149.   BOA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to BOA by Plaintiff in connection with his disputes

of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

150.   BOA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

151.   As a direct result of this conduct, action, and/or inaction of BOA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

152.   The conduct, action, and inaction of BOA was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

153.   Plaintiff is entitled to recover costs and attorney's fees from BOA in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual damages against Defendant, BANK OF AMERICA, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-

judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Bank of America, N.A. (Willful)

154.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

155.   BOA furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

156.   After receiving Plaintiff's disputes, BOA violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

157.   Plaintiff provided all the relevant information and documents necessary for BOA to have identified that the alleged debt was fraudulent.

158.   BOA did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to BOA by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

159.   BOA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

160.   As a direct result of this conduct, action, and/or inaction of BOA, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

161.   The conduct, action, and inaction of BOA was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

162.   Plaintiff is entitled to recover costs and attorney's fees from BOA in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, BANK OF AMERICA, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Pentagon Federal Credit Union (Negligent)

163.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

164.   PenFed furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

165.   After receiving Plaintiff's disputes, PenFed violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

166.   Plaintiff provided all the relevant information and documents necessary for PenFed to have identified that the alleged debt was fraudulent.

167.   PenFed did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to PenFed by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

168.   PenFed violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

169.   As a direct result of this conduct, action, and/or inaction of PenFed, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

170.   The conduct, action, and inaction of PenFed was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

171.   Plaintiff is entitled to recover costs and attorney's fees from PenFed in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual damages against Defendant, PENTAGON FEDERAL CREDIT UNION, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

**COUNT XVI**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Pentagon Federal Credit Union (Willful)**

172.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

173.   PenFed furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

174.   After receiving Plaintiff's disputes, PenFed violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

175.   Plaintiff provided all the relevant information and documents necessary for PenFed to have identified that the alleged debt was fraudulent.

176.   PenFed did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to PenFed by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

177.   PenFed violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

178.   As a direct result of this conduct, action, and/or inaction of PenFed, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

179.   The conduct, action, and inaction of PenFed was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

180.   Plaintiff is entitled to recover costs and attorney's fees from PenFed in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, PENTAGON FEDERAL CREDIT UNION, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Truist Bank f/k/a SunTrust Bank (Negligent)

181.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

182.   SunTrust furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

183.   After receiving Plaintiff's disputes, SunTrust violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

184.   Plaintiff provided all the relevant information and documents necessary for SunTrust to have identified that the alleged debt was fraudulent.

185.   SunTrust did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to SunTrust by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

186.   SunTrust violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

187.   As a direct result of this conduct, action, and/or inaction of SunTrust, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

188.   The conduct, action, and inaction of SunTrust was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

189.   Plaintiff is entitled to recover costs and attorney's fees from SunTrust in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual damages against Defendant, TRUIST BANK f/k/a SUNTRUST BANK, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVIII
**Violation of 15 U.S.C. § 1681 s-2(b) as to
Defendant, Truist Bank f/k/a SunTrust Bank (Willful)**

190.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-six (66) above as if fully stated herein.

191.   SunTrust furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

192.   After receiving Plaintiff's disputes, SunTrust violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3)

failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

193. Plaintiff provided all the relevant information and documents necessary for SunTrust to have identified that the alleged debt was fraudulent.

194. SunTrust did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to SunTrust by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

195. SunTrust violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

196. As a direct result of this conduct, action, and/or inaction of SunTrust, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

197.   The conduct, action, and inaction of SunTrust was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

198.   Plaintiff is entitled to recover costs and attorney's fees from SunTrust in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRUIST BANK f/k/a SUNTRUST BANK, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RODNEY WAYNE SMITH, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC,

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, BANK OF AMERICA, N.A., PENTAGON FEDERAL CREDIT UNION, and TRUIST BANK f/k/a SUNTRUST BANK, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 11th day of April 2024.

Respectfully submitted,

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com
*Attorney for Plaintiff*